UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard H. Tholen, M.D.,

    Plaintiff,

v.

Assist America Inc.,

    Defendant.

Case No. 17-cv-3919 (DWF/SER)

**ORDER**

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the Court on Plaintiff Richard H. Tholen, M.D.'s ("Tholen") Renewed Motion for Leave to Amend the Complaint to Assert Punitive Damages ("Second Motion to Amend") [Doc. No. 87]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court grants Tholen's Second Motion to Amend.

**I.     BACKGROUND**

On May 15, 2018, Tholen filed a Motion for Leave to Amend the Complaint to Assert Punitive Damages ("First Motion to Amend") [Doc. No. 31] against Defendant Assist America, Inc. ("Assist America"). This Court held a hearing regarding Tholen's First Motion to Amend on May 29, 2018. (Minute Entry Dated May 29, 2018) [Doc. No. 78]. In briefing the issues and during oral argument, Tholen raised various facts that he alleges demonstrate that Assist America willfully disregarded his rights. *See, e.g.*, [Doc. Nos. 33–45] (memorandum in support, affidavit, and exhibits). None of these facts, however, appeared in Tholen's Proposed Amended Complaint. *See generally* (Proposed Am. Compl., Attached to First Mot. to Amend, "First Proposed Am. Compl.") [Doc. No. 31-2]. This prevented the Court from engaging in the proper

analysis under the Federal Rules. *See* Order Dated May 15, 2018, *Urbeita v. Mentor*, 13-cv-1927 (ADM/LIB) (D. Minn.) (Rau Mag. J.) [Doc. No. 114] (concluding that Rule 15 of the Federal Rules of Civil Procedure and not Minnesota Statutes section 549.191 controls), *aff'd*, Order Dated July 19, 2018 [Doc. No. 118] (Montgomery, J.); *see also Arias v. Am. Family Mut. Ins.*, No. 13-cv-1681 (PJS/JJG), 2013 WL 12145854, at *1–2 (D. Minn. Oct. 28, 2013) (Graham, Mag. J.) (stating "no matters outside the pleading may be considered" when conducting a futility analysis under Rules 12(b)(6) and 15). On June 29, 2018, this Court denied Tholen's First Motion to Amend without prejudice and allowed Tholen to file a new motion that comports with Rule 15 of the Federal Rules of Civil Procedure. *See* (Order Dated June 29, 2018, "June 29 Order") [Doc. No. 85].

On July 13, 2018, Tholen filed his Second Motion to Amend, Proposed Second Amendment, and Memorandum in Support of his Motion. (Second Mot. to Amend); (Mem. in Supp. of Second Mot. to Amend "Mem. in Supp.") [Doc. No. 88]; *see also* (Proposed First Am. Compl., Attached to Second Motion to Amend, "Second Proposed Am. Compl.") [Doc. No. 87-1]. Tholen asserts that Assist America deliberately disregarded its policies and refused to evacuate Tholen when he needed it. (Mem. in Supp. at 8, 13–15). Further, Tholen asserts Assist America did not have a clinical doctor assess whether Tholen could receive appropriate care in Mexico. (*Id.* at 21–22). Tholen also argues that Assist America made certain misrepresentations regarding the quality of care he was receiving in Mexico and made these misrepresentations in deliberate disregard of Tholen's safety. (*Id.* at 23–24). In addition, Tholen asserts a decision-maker at Assist America did not timely evaluate his request for a medical evacuation. (*Id.* at 12–13). Specifically, Tholen alleges that only one clinical director ("Dr. Krohn") responsible for making medical determinations was contacted regarding Tholen's condition. *See* (*id.* at 14–15,

25–27). Furthermore, Tholen asserts that Assist America did not contact the other clinical director ("Dr. Shaffrey") knowing that Dr. Krohn was unavailable for at least ten hours as he traveled on vacation. *See* (*id.* at 14–15). All of these allegations appear in Tholen's Second Amended Complaint. *See, e.g.*, (Second Am. Compl. ¶¶ 71, 76–80, 85, 90–97, 104, 106, 113, 118, 121–25).

In response, Assist America filed a Memorandum in Opposition on July 20, 2018. (Def.'s Mem. of Law in Opp'n to Pl.'s Second Mot. to Amend "Mem. in Opp'n") [Doc. No. 91]. Assist America argues generally that the evidence does not support Tholen's allegations and that Tholen's Second Motion to Amend is futile because his claims are not subject to punitive damages. *See* (*id.* at 24–31). With respect to futility, Assist America argues that Tholen's claims for punitive damages cannot survive a motion to dismiss because the punitive damages are not premised on an independent tort as required by Minnesota law.[1] (*Id.* at 29–31).

Tholen argues in his Reply that Assist America's argument with respect to whether evidence supports his claims and whether his claims for punitive damages survive as a matter of law are better addressed at the summary judgment stage and analyzed under Rule 56 of the Federal Rules of Civil Procedure. *See generally* (Reply).

## II. DISCUSSION

### A. Legal Standard

---

[1] The Court also received letters from the parties contesting whether the Court should grant Tholen leave to file a Reply Memorandum in support of his Motion to Amend. *See* (Letter Dated July 27, 2018) [Doc. No. 92]; (Letter Dated July 30, 2018) [Doc. No. 93]. Because this Court allows the filing of reply memorandum in the context of non-dispositive motions, Tholen's request is granted and this Court considers his arguments in his Reply. *See* (Pretrial Scheduling Order) [Doc. No. 14 at 2–3] (stating that reply memorandum for non-dispositive motions are allowed); *see also* (Reply, Attached to Letter Dated July 27, 2018) [Doc. No. 92–1] (Tholen's proposed Reply).

3

Under Rule 15(a), a court should "freely give leave" to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a). Nonetheless, leave to amend should not be given when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is not an abuse of discretion to deny amendments that are futile. *See, e.g.*, *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998) (Erickson, Mag. J.); *see also Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (Doty, J.). That is, "[d]enial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation marks omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

**B.     Analysis**

First, the Court declines to conduct the evidentiary analysis that both parties urge this Court to undertake to decide this issue. *See, e.g.*, (Second Am. Compl. ¶¶ 85, 115–116, 118, 121) (references to specific paper exhibits and audio recordings filed in connection with the Second Motion to Amend); (Mem. in Opp'n at 24–29) (arguing that the evidentiary record does not support a claim for punitive damages). As stated above, motions to amend should be freely given

so long as they have facial plausibility. *See Iqbal*, 556 U.S. at 678. To that end, the Eighth Circuit has instructed the courts to focus on the specific allegations of the pleading at issue. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (stating generally that "a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint"); *see also Selective Ins. Co. of S.C. v. Sela*, No. 16-cv-4077 (PJS/SER), 2018 WL 1960450 at *6 (D. Minn. Apr. 28, 2018) (Rau. Mag., J.) (stating "analysis under Rules 15 and 12(b)(6) generally requires a court not consider matters outside the pleadings to determine whether leave to amend should be given").

The Court next turns to Assist America's futility argument, namely that Minnesota law does not support a claim for punitive damages under the circumstances. *See* (Mem. in Opp'n at 29–31). For example, Assist America asserts "Tholen's tort and contract claims stem from a contractual relationship between AMA Insurance and Assist America. Dr. Tholen has not demonstrated an independent, willful tort." (*Id.* at 31). Tholen asserts that he "may pursue both tort and contract claims under the circumstances. Minnesota has long recognized that a party may voluntarily accept a duty of care based on a contractual obligation." *See* (Reply at 6). The parties did not assert—and this Court could not independently identify—any Minnesota cases that specifically address whether the performance of an emergency medical services contract can give rise to an independent tort, as required by Minnesota law. *Cf. Olson v. Rugloski*, 277 N.W.2d 385, 388 (Minn. 1979) ("Punitive damages are not recoverable for breach of contract except in exceptional cases where the breach of contract constitutes or is accompanied by an independent, wilful [sic] tort.").

That said, the body of Minnesota caselaw on this issue tends to suggest that Tholen is correct. For example, the Minnesota Supreme Court has "frequently relied on the Restatement of

Torts to guide . . . development of tort law in areas that" the court has "not previously had an opportunity to address." *Larson v. Wasemiller*, 738 N.W.2d 300, 306 (Minn. 2007). This Court also notes that under the Restatement of Torts, "one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." Restatement (Second) of Torts § 299A (1965). Thus, "[a] person who undertakes to provide professional services has a duty to the person for whom the services are performed to use such skill and care ordinarily exercised by others in the same profession; liability in tort for breach of that duty may arise as the result of negligence during the performance of the contract . . . ." 4 Stuart M. Speiser, Charles F. Krause, & Alfred W. Gans, American Law of Torts §15.1 n.1 (2018) (citing Restatement (Second) of Torts § 299A).

But more to the point—given the current state of Minnesota law—this Court cannot conclusively determine that it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (internal quotation marks omitted). Specifically, Tholen claims Assist America's representatives misrepresented themselves as physicians, Assist America failed to obtain medical records from the Mexican hospital that would allow it to make an informed choice regarding Tholen's care, and that the proper clinical directors were either not contacted or declined to review Tholen's medical case in a timely manner, among many other allegations. *See, e.g.*, (Second Am. Compl. ¶¶ 71, 76–80, 85, 90–97, 104, 106, 113, 118, 121–25). In short, Tholen alleges a parade of horribles, that if proved true, plausibly alleges that Assist America was both negligent in the provision of its professional services and willfully disregarded Tholen's rights under its care. Thus, Tholen's Second Proposed Amended Complaint survives under Rule

12(b)(6) and is therefore not futile. *Accord Neitzke*, 490 U.S. at 326; *Zutz*, 601 F.3d at 850; *Larson*, 738 N.W.2d at 306; Restatement (Second) of Torts § 299A.

It may well be that more thorough briefing leads to the conclusion that Tholen's punitive damages claim is foreclosed as a matter of law. But these arguments are best left for summary judgment where the benefit of a fully developed factual record and more fulsome briefing of the legal issue will allow the Court to address the specific legal implications of the facts as applied to the law. Under the circumstances here, however, Tholen's Second Motion to Amend is granted.

### III. CONCLUSION

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Richard H. Tholen, M.D.'s Renewed Motion for Leave to Amend the Complaint to Assert Punitive Damages [Doc. No. 87] is **GRANTED**.


Dated: August 13, 2018                     *s/Steven E. Rau*
                                           STEVEN E. RAU
                                           United States Magistrate Judge