| | |
|---|---|
| Richard H. Tholen, M.D., | Case No. 17-cv-3919 (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Assist America, Inc., | |
| Defendant. | |

Patrick M. Arenz and Emily E. Niles, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis MN 55402 (for Plaintiff); and

Mark T. Berhow, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis MN 55042, Joanna Lee Storey and Robert J. Romero, Hinshaw & Culbertson LLP, One California Street, Suite 18th Floor, San Francisco CA 94111 (for Defendant).

This matter is before the Court on Plaintiff Dr. Tholen's Second Motion to Compel Discovery from Defendant Assist America, Inc. and Motion to Strike an Improper Errata. (ECF No. 155). The Court held a hearing on March 25, 2019, where it granted the motion to compel, took under advisement the issue of sanctions related to the motion to compel, and took under advisement the motion to strike. (ECF No. 241). Sanctions are contemplated in a contemporaneous Report and Recommendation. At issue before the Court in this Order is Plaintiff's motion to strike. That motion is granted.

## I.    BACKGROUND

The facts of this case have been detailed in other orders and will not be laboriously repeated here. Briefly, Plaintiff Dr. Richard H. Tholen injured his leg in Mexico.

Defendant Assist America, Inc., declined to transport Dr. Tholen to the United States for medical care, finding that his medical care in Mexico was sufficient. Dr. Tholen transported himself back to the United States and his leg was amputated above the knee.

Assist America designated Dr. E. John Harris, Jr. as a vascular surgery expert. Dr. Harris has offered two expert reports—an opening and a rebuttal report. In the opening report, Dr. Harris opined that "[b]y April 19, 2015, at 8:00 p.m., the chances of saving Dr. Tholen's right leg decreased dramatically to the point that any opinion as to whether the damage was irreversible would be too speculative." (Aug. 8, 2018 Expert Report of Dr. Harris, at 9, ECF No. 158-1). The opinion continued: "By April 20, 2015, noon, more likely than not, the vascular damage to Dr. Tholen's leg was irreversible." (Aug. 8, 2018 Expert Report of Dr. Harris, at 9). In Dr. Harris's rebuttal report, he opined that "Dr. Tholen's popliteal artery did occlude before the 5:01 p.m. exam on April 22, 2015 by Dr. Omlie. But we simply cannot state for certain when it occluded." (Sept. 12, 2018 Rebuttal Expert Report of Dr. Harris, at 1, ECF No. 158-2). Dr. Harris further opined: "I agree that the exact moment Dr. Tholen's popliteal artery became fully occluded is unclear . . . more likely than not complete occlusion occurred sometime after Dr. Tholen's return to Minnesota at 2:00am April 22, 2015 . . ." (Sept. 12, 2018 Rebuttal Expert Report of Dr. Harris, at 3).

Dr. Tholen's counsel deposed Dr. Harris on November 14, 2018. At the end of the deposition, the following exchange occurred:

> **Mr. Arenz:** Looking at your rebuttal expert report, do you agree that you changed your opinions in your rebuttal expert report compared to your opinions in your opening report?

> **Dr. Harris:** I changed my opening report. I don't think I changed my rebuttal opinions.
> **Mr. Arenz:** And do you think your rebuttal report is consistent with your opening report?
> **Dr. Harris:** No. I think my rebuttal report is consistent with the evidence that I have.
> **Mr. Arenz:** And do you stand behind – well, do you have any explanation for the mistakes you made in your opening report?
> **Mr. Romero:** Objection. Mischaracterizes his testimony.
> **Dr. Harris:** It wasn't a mistake. I just was uncertain, and with this new evidence, I became certain.
> **Mr. Arenz:** And the paragraphs and the opinions you made in your opening report are not supported by the medical records in this case, correct?
> **Mr. Romero:** Objection as to form; mischaracterizes testimony.
> **Dr. Harris:** Run that by me again.
> **Mr. Arenz:** Are the opinions that you opined in your opening report supported by the medical records that you reviewed in this case?
> **Dr. Harris:** No.

(Nov. 14, 2018 Dep. of Dr. Harris Tr. 120:23–122:1, ECF No. 158-3). The deposition ended then.

On December 27, 2018, Dr. Harris signed an errata sheet for the deposition; it was served December 29, 2018. (ECF No. 158-4; Decl. of Patrick Arenz ¶ 5). Dr. Harris submitted various errata for the deposition; relevant here is a "clarification" wherein Dr. Harris asserts the final segment of the deposition should read:

> **Mr. Arenz:** Are the opinions that you opined in your opening report supported by the medical records that you reviewed in this case?
> **Dr. Harris:** No they are.

(ECF No. 158-4, at 1).

## II.   ANALYSIS

Dr. Tholen seeks to strike what he characterizes as an improper deposition errata sheet. Courts "may strike from a *pleading* an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The deposition errata sheet is not a *pleading*. Fed. R. Civ. P. 8. Thus, as courts in this District hold, "there is no such thing as a 'motion to strike'" in this context. *See Carlson Mktg. Grp. v. Royal Indemnity Co.*, Case No. No. 04-cv-3368 (PJS/JJG), 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (Schiltz, J.) (rejecting two motions to strike aimed at affidavits filed in connection with a summary judgment motion); *see also Smith v. United HealthCare Servs., Inc.*, 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003) (Montgomery, J.); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (Doty, J.).

That said, courts retain "discretion to strike substantive changes made in errata sheets, if the deponent fails to provide 'sufficient justification.'" *Sanny v. Trek Bicycle Corp.*, Case No. 11-cv-2936 (ADM/SER), 2013 WL 1912467, at *14 (D. Minn. May 8, 2013) (Montgomery, J.) (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010)); *see Murphy v. Piper*, Case No. 16-cv-2623 (DWF/BRT), 2018 WL 5875486, at *3 (D. Minn. Nov. 9, 2018) (Frank, J.). Courts "may accept errata if the deponent provides persuasive reasons for why the proposed changes 'truly reflect the deponent's original testimony,' or if other circumstances satisfy the court." *Holverson v. ThyssenKrupp Elevator Corp.*, Case No. 12-cv-2765 (ADM/FLN), 2014 WL 3573630, at *12 (D. Minn. July 18, 2014) (Montgomery, J.) (quoting *EBC, Inc.*, 618 F.3d at 270).[1]

---

[1] Courts also look as to whether Rule 30(e) has been complied with. *E.g.*, *Sanny*, 2013 WL 1912467, at *14 (noting that motion to strike could be granted based on failure to exercise rights under Rule 30(e)). Under Rule 30(e), the deponent is allowed 30 days to review a deposition transcript and submit changes provided it was "request[ed] by the deponent or a party before the deposition is completed." In the "Certificate of Reporter" page at the end of the transcript, dated November 30, 2018, the court reporter

Dr. Harris's deposition errata is undoubtedly a substantive change. He seeks to change a "no" to a "no they are." This is far from a mere "clarification." Rather, this flips the meaning of the answer from a *no* to a *yes*. Because this is a substantive change, the question becomes whether Dr. Harris has provided "sufficient justification" for this change. *Sanny*, 2013 WL 1912467, at \*14; *Murphy*, 2018 WL 5875486, at \*3.

Dr. Harris, through Assist America, asserts that the errata is appropriate because he was answering Mr. Arenz's *previous* question, the question he asked to be clarified. (Decl. of Dr. Harris, ECF No. 208; ECF No. 206, at 1–2). Dr. Harris claims that his August 8, 2018 opinion is correct based on the evidence and records available to him at the time he authored the opinion, but that an image produced on August 31, 2018 was a "game changer" that changed his opinion as seen in the rebuttal opinion, causing him to withdraw some of his August 8, 2018 opinions. Indeed, Dr. Harris withdrew some of his August 8, 2018 opinion at the deposition. (Dr. Harris Dep. Tr. 26:6–24). Dr. Harris cannot simultaneously seek to alter his deposition testimony so that his August 8, 2018 opinion is consistent with the record while also asserting that new evidence was a "game changer" that led him to change his opinions. Dr. Harris's justification for the change is nonsensical and far from sufficient.

Further, Dr. Harris's suggestion that he was confused by Mr. Arenz's question is belied by the record, his education, his history as an expert witness, and his responses to

---

included the following: ". . . before completion of the deposition, review of the transcript {X} was { } was not requested . . . ." (Dr. Harris Dep. Tr. 123:13–14). While Dr. Tholen asserts Dr. Harris and Assist America did not request review of the transcript, the record before the Court suggests review was requested. Therefore, the Court will not reject the errata submission on this ground.

questions in the deposition he found confusing. Dr. Harris teaches at Stanford Medical School. Dr. Harris has served as an expert in some 30 to 40 cases. (Dr. Harris Dep. Tr. 55:18–57:22). The deposition transcript is replete with examples of Dr. Harris asking Mr. Arenz to clarify a question, then answering that clarified question. It breaks credulity that a seasoned and educated expert witness like Dr. Harrris was unable to answer Mr. Arenz's penultimate question, asked for the question to be repeated or rephrased, heard the ultimate question, then went back and answered the supposedly unheard or misunderstood penultimate question rather than the question at hand. *Cf. Murphy*, 2018 WL 5875486, at *3 (finding sufficient justification for errata sheet changes where deponents had cognitive delays). Assist America, through Dr. Harris's errata sheet, is asking this Court to take a logical leap unsupported by the record. The reasons proffered for the errata submission are not persuasive. *See Holverson*, 2014 WL 3573630, at *12.

Dr. Harris's deposition answer is unequivocal and will remain unchanged. The deposition errata sheet, to the extent it seeks to change Dr. Harris's answer to the ultimate question of the deposition, is stricken.[2]

---

[2] Dr. Tholen makes no argument as to the other submitted errata. Therefore, those errata are undisturbed by this Order.

## III.   CONCLUSION

Based on the foregoing, and all the records, file, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Dr. Tholen's Second Motion to Compel Discovery from Defendant Assist America, Inc. and Motion to Strike an Improper Errata, (ECF No. 155), is **GRANTED** as described herein.


Date: April 18, 2019                                    _____*s/ Steven E. Rau*_____
                                                        Steven E. Rau
                                                        United States Magistrate Judge
                                                        District of Minnesota

                                                        *Tholen v. Assist America*
                                                        Case No. 17-cv-3919 (DWF/SER)