UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard H. Tholen, M.D., | Civil No. 17-3919 (DWF/TNL) |
| Plaintiff, | |
| v. | |
| Assist America, Inc., | **AMENDED ORDER** |
| Defendant. | **AND MEMORANDUM** |
| Richard H. Tholen, M.D., and Mary Jane Tholen, | Civil No. 18-2137 (DWF/TNL) |
| Plaintiffs, | |
| v. | |
| Assist America, Inc., | |
| Defendant. | |

This matter came before the Court on the issue of whether to consolidate the Tholen cases that will be referred to by the Court as "Tholen I" (Civil No. 17-3919 (DWF/TNL)) and "Tholen II" (Civil No. 18-2137 (DWF/TNL)). The Court discussed this issue with the parties at a status conference on September 9, 2020.

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the status of Tholen I and Tholen II and the positions of each party, and the Court being otherwise duly advised in the premises, hereby enters the following:

**ORDER**

1.  To the extent that Plaintiff's counsel has agreed to the consolidation of both cases and one jury trial as long as it occurs in February of 2021, and to the extent Defense counsel has agreed to consolidation so long as the pretrial discovery requests are granted and the trial is set in August of 2021, the motions for consolidation are respectfully **DENIED**.

2.  **Tholen I**. Given the Court's decision to decline to consolidate the cases for jury trial, the Court directs that Tholen I shall proceed as presently scheduled on February 1, 2021.

3.  **Tholen II** will proceed absent further order of the Court consistent with the Pretrial Order (Doc. No. 42) entered by Magistrate Judge Leung on September 28, 2020.

4.  The attached memorandum is made a part hereof.

Dated:  October 6, 2020            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

**MEMORANDUM**

As the parties are aware, this Court has broad discretion to order cases consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, which provides:

Rule 42.  Consolidation; Separate Trials

(a) CONSOLIDATON.  If actions before the court involve a
common question of law or fact, the court may:

    (1)    join for hearing or trial any or all matters at issue in the actions;
    (2)    consolidate the actions; or
    (3)    issue any other orders to avoid unnecessary cost or delay.

The factors that the Court carefully considered in denying consolidation which the record clearly establishes are as follows:

    (1)    Tholen I and Tholen II are clearly in different procedural postures. Tholen I is ready for trial and has been ready for trial for some time. It was continued in light of the national health crisis created by the COVID-19 pandemic. The District of Minnesota now has a jury trial queue in all cases and Tholen I is in that queue, set to begin on February 1, 2021. In fact, the pretrial conference has been tentatively set for January 26, 2021;

    (2)    Tholen II is just beginning. In fact, the answer was filed on September 30, 2020, consistent with the pretrial order. Discovery in this case is just beginning. The Court has noted that the pretrial order was entered by Magistrate Judge Leung on September 28, 2020.

    (3)    It is true that many of the same witnesses will be called at each trial. However, it is also true that there are entirely different theories of recovery to the extent that Tholen II is a defamation case. There are some common questions of fact, but some very different issues of law to be decided by the jury in each case.

    (4)    With perhaps one exception, consolidation will cause delay of the Tholen I jury trial with a day certain beginning, not only because of the early stages of discovery for Tholen II, but because of the COVID-19 crisis, the District

3

of Minnesota has a jury trial queue as noted above, and Tholen I is presently in that queue for a day certain setting on February 1, 2021. There is no assurance that a day certain setting could be set in August 2021 or sooner for Tholen II or for both cases given the early stages of discovery in the case as opposed to a trial ready date without a day certain setting. This additional delay, especially given the procedural history of the case and the fact that Tholen I has been continued already because of the COVID-19 crisis, would be prejudicial to the Plaintiff in Tholen I.

For all of these reasons, the Court has declined to consolidate Tholen I and Tholen II. Consolidation is inappropriate if it leads to inefficiency, inconvenience, undue delay, or unfair prejudice to one or both parties. That is what will occur here based upon the factors noted above unless the parties had a stipulation of some kind that allowed both cases to go forward to trial on February 1, 2021.[1]

The Court considered the concern expressed by Defense counsel of inconsistent adjudications and common factual legal issues. However, given the nature of each case and the different causes of action and theories of recovery in each case, the Court declines to find any risk of inconsistent adjudications. With separate trials, there may be an issue the Court will have to decide with input from the parties if there is an issue about duplication of damages or, in defense counsel's words, "potential overlap in damages evidence . . ." That can be done without prejudice to either party.

---

[1] Such a stipulation by the parties for a February 1, 2021 trial date is the "one exception" referenced by the Court on page 3.

Based upon the record before the Court and the reasons stated, the Court declines to consolidate Tholen I and Tholen II.

D.W.F.